UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0229 (WMW/KMM) |
| Plaintiff, | |
| | **ORDER ADOPTING REPORT AND** |
| v. | **RECOMMENDATION** |
| Jarmell Raymond Mayweather, | |
| Defendant. | |

This matter is before the Court on the January 19, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 46.)  The R&R recommends denying Defendant Jarmell Raymond Mayweather's motion to suppress evidence obtained from Mayweather's residence and vehicle pursuant to separate search warrants.  Mayweather filed timely objections to the R&R, and the government responded.  For the reasons that follow, the Court overrules Mayweather's objections and adopts the R&R.

## **BACKGROUND**[1]

In early 2016, a confidential reliable informant (CRI) advised Hennepin County law enforcement officers that Mayweather used his vehicle to sell "large quantities of cocaine."  Law enforcement officers retrieved the registration records for the vehicle, confirmed the vehicle was registered to Mayweather, and thereafter observed Mayweather "come and go from [the registered] address freely and at all times."  The

---

[1]    The relevant factual and procedural background is addressed in detail in the R&R and need not be repeated at length.

CRI subsequently contacted Mayweather at the direction of law enforcement officers and requested to purchase cocaine.  Law enforcement officers observed Mayweather meet with the CRI at a predetermined location, complete the drug transaction, and immediately return to the address reflected in Mayweather's vehicle registration.  Based primarily on this information, law enforcement officers obtained search warrants for Mayweather's residence and vehicle.  During the search of these locations, law enforcement officers seized cocaine and other drug paraphernalia.

Mayweather is charged with possession with intent to distribute cocaine, a violation of Title 21, United States Code, Section 841(a)(1).  He moves to suppress the evidence obtained from his residence and vehicle, arguing that probable cause does not support the search warrants for either location.  The R&R recommends denying Mayweather's motion because probable cause supports both warrants.  Alternatively, the R&R concludes that the good-faith exception excuses the lack of probable cause.

## <u>ANALYSIS</u>

Mayweather objects to the recommendation to deny his motion to suppress on two grounds.  First, he argues, probable cause does not support either search warrant and, second, the R&R erroneously concludes that the good-faith exception applies to the circumstances in which these searches were conducted.  The Court reviews Mayweather's objections de novo.  *See* 28 U.S.C. § 636(b)(1)(C); *accord* LR 72.2(b)(3).

The Fourth Amendment to the United States Constitution guarantees the right to be free from unreasonable searches and seizures.  U.S. Const. amend. IV.  The Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation."  *Id.*; *see also United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir.

2011) (recognizing that a search warrant may issue on a showing of probable cause). Whether probable cause exists is a "common-sense decision" that weighs the totality of the circumstances that are detailed in a warrant application. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause does not exist absent a nexus between the targeted contraband and the location to be searched. *United States v. Tellez*, 217 F.3d 547, 549 (8th Cir. 2000). Although suppression of evidence is the traditional sanction for a violation of the Fourth Amendment, the exclusionary rule does not apply when an officer relies in good faith on a search warrant. *See United States v. Leon*, 468 U.S. 897, 920 (1984) (establishing the good-faith exception). The good-faith inquiry is an objective one that asks whether a reasonably trained officer would have known that the search was illegal despite a judge issuing the search warrant. *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007).

Mayweather contends that suppression is required because the search warrants at issue here do not establish a nexus between his alleged drug dealing and his residence or vehicle. The absence of probable cause is so apparent, according to Mayweather, that no reasonable officer, acting in good faith, would have relied on the warrants. But Mayweather's argument is unavailing even if an insufficient nexus supports the warrants. *See id.* (recognizing that an analysis of the good-faith exception may precede a determination of probable cause when considering a motion to suppress evidence). A CRI advised law enforcement officers that a person was selling large quantities of cocaine from a vehicle, the CRI identified Mayweather as the person selling cocaine, the identified vehicle was registered to Mayweather's residence, law enforcement officers observed Mayweather using the vehicle in a manner consistent with the distribution of

narcotics, and Mayweather returned to his residence after completing a controlled purchase with the CRI.  A magistrate judge reviewed these circumstances and determined that there was probable cause to issue a search warrant for Mayweather's residence and for his vehicle.  The evidence supporting the search warrants is not "so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable*." *Leon*, 468 U.S. at 923 (emphasis added) (internal quotation marks omitted); *see also United States v. Houston*, 665 F.3d 991, 996 (8th Cir. 2012) ("After all, it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." (internal quotation marks omitted)).

Mayweather argues that *United States v. Herron*, 215 F.3d 812 (8th Cir. 2000), supports his argument that suppression is required.  In *Herron*, the United States Court of Appeals for the Eighth Circuit reversed an application of the good-faith exception because the affidavits supporting the warrants to search Herron and his residence originally were prepared to investigate a different subject. 215 F.3d at 814.  Because the affidavits "simply do not say very much about Mr. Herron or his residence," the Eighth Circuit determined that the affidavits applied to Herron "as an afterthought." *Id.* at 814-15.  The present circumstances are distinguishable.  Mayweather was the target of this investigation from its inception, and the warrant applications detailed Mayweather's alleged criminal conduct.  The CRI positively identified Mayweather as a drug dealer, and law-enforcement officers applied for the search warrants after corroborating the information provided by the CRI.  *Herron* is, therefore, inapposite.

Accordingly, Mayweather's objections are overruled in light of the application of the good-faith exception.

**ORDER**

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.       Defendant Jarmell Raymond Mayweather's objections to the R&R, (Dkt. 48), are **OVERRULED**;

2.       The January 19, 2018 R&R, (Dkt. 46), is **ADOPTED** as addressed herein;

3.       Defendant Jarmell Raymond Mayweather's Motion to Suppress Evidence from Searches and Seizures, (Dkt. 33), is **DENIED**.

Dated:  March 16, 2018                                    s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge