UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0229 (WMW/KMM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jarmell Raymond Mayweather, | |
| Defendant. | |

This matter is before the Court on Defendant Jarmell Raymond Mayweather's motions for an extension of time to file a motion for a judgment of acquittal or new trial, (Dkt. 131), and for new counsel, (Dkt. 130). For the reasons addressed below, Mayweather's motion for an extension of time is denied. The Court will conduct a hearing on Mayweather's motion for new counsel on a date to be determined.

## BACKGROUND

A jury convicted Mayweather of possession with intent to distribute cocaine base and cocaine on December 14, 2018. Mayweather was, and currently is, represented by attorney Douglas B. Altman. Approximately two months after the deadline to file a motion for a judgment of acquittal or a new trial, Mayweather filed the two pending pro se motions. The Court addresses each motion in turn.

## ANALYSIS

### I. Motion for Extension of Time

Mayweather moves to extend the deadline to file a motion for a judgment of acquittal or a new trial. Mayweather contends that he missed the original filing deadline because of a misrepresentation by Altman.

A motion for a judgment of acquittal or a motion for a new trial that is grounded on any reason other than newly discovered evidence must be filed within 14 days after a guilty verdict. Fed. R. Crim. P. 29(c)(1), 33(b)(2). A district court can extend this deadline for good cause. Fed. R. Crim. P. 45(b)(1). When, as here, a motion for an extension of time is filed *after* the deadline has passed, a court may consider the untimely motion if the moving party's delay was the result of excusable neglect. Fed. R. Crim. P. 45(b)(1)(B). As such, a court may provide equitable relief when a delay is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa Cty.*, 628 F.3d 953, 959 (8th Cir. 2010) (internal quotation marks omitted).

Factors to consider when determining whether a delay is attributable to excusable neglect include (1) the risk of prejudice to the opposing party, (2) the length of delay and the corresponding impact on judicial proceedings, (3) the reason for the delay and whether the delay was within the moving party's reasonable control, and (4) whether the moving party acted in good faith. *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010). Of primary importance is the reason for the party's delay. *See Kurka*, 628 F.3d at 959.

At all times relevant to this proceeding, Altman represented Mayweather. Based on Mayweather's submissions to the Court, he and Altman discussed post-trial strategy. According to Mayweather, after one such discussion, he was left with the impression that Altman was pursuing a motion for a judgment of acquittal or a new trial. And only after the 14-day deadline to file these motions had passed did Mayweather learn that Altman was preparing documents only for a direct appeal.

Strategic decisions about which motions to file are the responsibility of counsel after consulting with the client. *See Jones v. Barnes*, 463 U.S. 745, 753 n.6 (1983) (stating that, except for the decisions of whether a client should plea, waive a jury trial, or testify, all other "strategic and tactical decisions are the exclusive province of the defense counsel, after consultation with the client." (citing Model Rules of Prof'l Conduct r. 1.2(a) (Am. Bar Ass'n Final Draft 1982) and ABA Standards for Criminal Justice 4-5.2 (2d ed. 1980)). A defendant's right to appointed counsel does *not* include the right "to an attorney who will docilely do as [the attorney] is told." *United States v. Thomas*, 760 F.3d 879, 887 (8th Cir. 2014) (internal quotation marks omitted). For this reason, the disagreement between Mayweather and Altman on strategy is not the type of mistake or inadvertence that amounts to excusable neglect. *See Kurka*, 628 F.3d at 959. The Court finds no good cause to extend the deadline based merely on differing opinions held by Mayweather and Altman as to post-trial strategy. *See* Fed. R. Crim. P. 45(b)(1).

Moreover, no other factor, singularly or combined, overcomes this conclusion. Delaying any potential new trial would increase the likelihood that witnesses will "become unavailable and memories [will] fade." *Boesen*, 599 F.3d at 879. And although the length

3

of the delay is only a few months and there is no detectable bad faith motive on Mayweather's part, these factors are of secondary importance. *See Kurka*, 628 F.3d at 959.

For these reasons, Mayweather's motion for an extension of the deadline to file a motion for a judgment of acquittal or new trial is denied.

**II.     Motion for New Counsel**

Mayweather also moves for new counsel, arguing that there exist conflicts of interests, irreconcilable differences, and a complete breakdown in communications between Altman and himself.

The Sixth Amendment provides a defendant the right to be represented by counsel at all critical stages of a criminal proceeding, including sentencing. U.S. Const. amend. VI; *accord Mempa v. Rhay*, 389 U.S. 128, 134-36 (1967); *United States v. Wade*, 388 U.S. 218, 224 (1967); *McClain v. Swenson*, 435 F.2d 327, 332 (8th Cir. 1970). A defendant with court-appointed counsel may request new counsel, and the district court has discretion to appoint new counsel. *See United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992). But to prevail on a motion for new counsel, a defendant must establish that he or she is justifiably dissatisfied with current counsel. *Id.* Justifiable dissatisfaction includes a conflict of interest, irreconcilable differences, or a breakdown of communication between the defendant and counsel. *Id.* When a defendant alleges a basis for justifiable dissatisfaction, the district court "has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction." *United States v. Hart*, 557 F.2d 162, 163 (8th Cir. 1977).

Mayweather is constitutionally entitled to the assistance of counsel at his upcoming sentencing hearing. *See* U.S. Const. amend. VI; *McClain*, 435 F.2d at 332. He requests new counsel on the grounds that he is justifiably dissatisfied with Altman. To the extent that Mayweather alleges that an "inherent conflict of interest" would exist if Mayweather filed a motion for a judgment of acquittal or a new trial based on ineffective assistance of counsel, this argument is moot. Mayweather does not have such a motion pending before the Court, and the Court denies his request for an extension of the deadline to file a motion for a judgment of acquittal or new trial. But Mayweather asserts *other* grounds for his dissatisfaction with Altman, including irreconcilable differences and a complete breakdown of communication. For this reason, the Court must further inquire into these allegations. *See Hart*, 557 F.2d at 163. A hearing will be scheduled at a date and time to be determined to address Mayweather's motion for new counsel.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Jarmell Raymond Mayweather's motion for an extension of time to file a motion for a judgment of acquittal or new trial, (Dkt. 131), is **DENIED**.

2. The Court will hold a hearing on Mayweather's motion for new counsel, (Dkt. 130), at a date and time to be determined.

Dated: March 11, 2019   s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge