UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0229 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO SUBSTITUTE COUNSEL** |
| Jarmell Raymond Mayweather, | |
| Defendant. | |

This matter is before the Court on Defendant Jarmell Raymond Mayweather's motion to substitute counsel. (Dkt. 130.) Mayweather and his appointed counsel, Douglas B. Altman, presented oral arguments at a March 27, 2019 motion hearing, and the Court took the matter under advisement. For the reasons addressed below, Mayweather's motion to substitute counsel is denied.

The Sixth Amendment to the United States Constitution protects a defendant's right to be represented by counsel at all critical stages of a criminal proceeding, including sentencing. U.S. Const. amend. VI; *accord Mempa v. Rhay*, 389 U.S. 128, 134-36 (1967); *United States v. Wade*, 388 U.S. 218, 224 (1967); *McClain v. Swenson*, 435 F.2d 327, 332 (8th Cir. 1970). But this right to be represented by counsel does *not* amount to an absolute right to the defendant's choice of that attorney. *United States v. Owen*, 854 F.3d 536, 542 (8th Cir. 2017). To prevail on a motion to substitute counsel, a defendant must show "justifiable dissatisfaction" with appointed counsel. *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992) (internal quotation marks omitted). Justifiable dissatisfaction

includes a conflict of interest, irreconcilable differences, or a complete breakdown of communication between the defendant and counsel. *Id.* But justifiable dissatisfaction does not include "a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation." *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002).

The decision to grant or deny a motion to substitute counsel rests within the district court's sound discretion. *United States v. Delacruz*, 865 F.3d 1000, 1008 (8th Cir. 2017). In reaching its decision, a district court balances "the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job." *Barrow*, 287 F.3d at 738 (internal quotation marks omitted).

Mayweather, who is represented by Altman, is constitutionally entitled to the assistance of counsel at his upcoming sentencing hearing.[1] *See* U.S. Const. amend. VI; *McClain*, 435 F.2d at 332. Mayweather's frustrations with Altman's prior tactical decisions do not present a conflict of interest, irreconcilable differences, or a complete breakdown of communication between Mayweather and Altman. *See Barrow*, 287 F.3d at 738. After carefully considering Mayweather's arguments, the Court has no doubt that Altman can represent Mayweather zealously and effectively at Mayweather's sentencing

---

[1] As addressed in the Court's March 11, 2019 Order, the time to file a motion for judgment of acquittal or a new trial in this case has passed, and good cause to extend that deadline has not been shown. Accordingly, only the sentencing stage of these proceedings remains.

hearing. For this reason, Mayweather has not established that he is entitled to substitute counsel.

The Court's decision here is limited to the issue before the Court—namely, whether Mayweather is entitled to substitute counsel at the upcoming sentencing hearing. This Order does not reach a conclusion about any other claims that Mayweather may intend to raise in the future, including claims of ineffective assistance of counsel.[2]

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Jarmell Raymond Mayweather's Pro Se Motion for New Counsel, (Dkt. 130), is **DENIED**.

2. The parties shall submit objections or proposed amendments to the preliminary presentence investigation report on or before April 17, 2019.

3. The parties shall contact Chambers to schedule a sentencing hearing.


Dated: April 4, 2019                                     s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge

---

[2] Ineffective assistance of counsel claims are ordinarily raised in collateral proceedings under 28 U.S.C. § 2255. *United States v. Gallegos-Torres*, 841 F.2d 240, 242-43 (8th Cir. 1988). Such a claim is not before the Court at this time.