UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,                    Case No. 17-cr-0229 (WMW/KMM)

                        Plaintiff,

                                             **ORDER**

        v.

Jarmell Raymond Mayweather,

                        Defendant.

---

This matter is before the Court on Defendant Jarmell Raymond Mayweather's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 211.) Plaintiff United States of America opposes the motion. For the reasons addressed below, Mayweather's motion is denied.

## BACKGROUND

A jury convicted Mayweather on December 14, 2018, of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Court sentenced Mayweather on August 19, 2019, to 132 months' imprisonment. Mayweather appealed, challenging this Court's pre-trial and post-conviction rulings, and the United States Court of Appeals for the Eighth Circuit affirmed the challenged rulings. *United States v. Mayweather*, 993 F.3d 1035 (8th Cir. 2021). Mayweather now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing that his defense counsel provided ineffective assistance as to several aspects of his case. Mayweather also seeks an evidentiary hearing. The United States opposes Mayweather's motion.

## ANALYSIS

### I.      Ineffective Assistance of Counsel

Mayweather contends that his conviction and sentence should be vacated because he received ineffective assistance of counsel.  A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted).  A *pro se* litigant's filings are liberally construed and held to less stringent standards than filings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  But it is the defendant's burden to establish that Section 2255 relief is warranted.  *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defen[se]."  U.S. Const. amend. VI.  A criminal defendant is constitutionally entitled to the *effective* assistance of counsel.  *Evitts v. Lucey*, 469 U.S. 387, 395 (1985).  A claim of ineffective assistance of counsel may be brought in a collateral proceeding under Section 2255 even if the petitioner could have raised the claim on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Jones*, 121 F.3d 369, 370 (8th Cir. 1997) (observing that claims of

ineffective assistance of counsel typically are not subject to procedural default because such claims usually are not cognizable on direct appeal).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690.

Here, Mayweather argues that his defense counsel provided ineffective assistance by (1) failing to adequately investigate the government informant who participated in two controlled purchases of cocaine from Mayweather, (2) advising Mayweather to testify at trial despite knowing that Mayweather's testimony would establish the elements of aiding and abetting possession with the intent to distribute cocaine, and (3) failing to adequately investigate and use a tracking device application in support of Mayweather's trial defense. The Court addresses each argument in turn.

### A.    Investigation of Informant

Mayweather first argues that his defense counsel provided ineffective assistance by failing to adequately investigate the government informant who participated in

controlled purchases of cocaine from Mayweather.  The record indisputably establishes that defense counsel knew the informant's identity and attempted to locate the informant prior to trial but was unable to do so.

The record also indisputably establishes that the United States did not introduce evidence about the controlled purchases of cocaine from Mayweather during its case-in-chief.  Rather, the United States first presented this evidence during its rebuttal case after Mayweather, on cross examination, denied selling cocaine to the informant.  According to Mayweather, when the United States presented rebuttal evidence about the controlled purchases of cocaine, his defense counsel should have sought a continuance of the trial so that he could again try to locate the informant as a potential defense witness.

Defense counsel must "make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation."  *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991) (citing *Strickland*, 466 U.S. at 691).  As such, "counsel must exercise reasonable diligence to produce exculpatory evidence and strategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel."  *Id.*  To establish that counsel provided ineffective assistance by failing to adequately investigate a witness, however, a defendant typically must demonstrate that the witness would have provided useful information.  *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (concluding that counsel's failure "to interview a witness she had little reason to believe would be useful or helpful" did not demonstrate ineffective assistance of counsel).  A defendant "need not show that he more

likely than not would have been found innocent had his counsel performed adequately," but a defendant "must demonstrate at least a reasonable probability" that the outcome would have been different. *Lawrence v. Armontrout*, 31 F.3d 662, 666 (8th Cir. 1994). "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* (quoting *Strickland*, 466 U.S. at 695).

Here, it is undisputed that defense counsel moved for disclosure of the informant's identity before trial, included the informant's name on his witness list and unsuccessfully attempted to locate and interview the informant before trial. And during the United States's rebuttal case at trial, defense counsel objected to the introduction of testimony about the informant and moved for an order requiring the United States to identify and secure the informant's attendance at trial, which the Court denied. Mayweather presents no evidence or persuasive argument as to why defense counsel reasonably should have made *additional* efforts to locate or otherwise investigate the informant. As such, Mayweather has not established that defense counsel's investigation of the informant was objectively unreasonable.

Even if Mayweather could establish that defense counsel's investigation of the informant was unreasonable, Mayweather also must demonstrate that he suffered prejudice—namely, that the informant likely would have provided useful exculpatory evidence that would have resulted in a different outcome. *See id.*; *Sanders*, 875 F.2d at 209–10. Mayweather suggests that the informant would have testified that Mayweather

only sold marijuana, not cocaine, and that the controlled purchases of cocaine involving Mayweather did not occur.  But Mayweather provides no evidence to suggest that the informant would have provided this testimony, and Mayweather's speculation about the informant's testimony is insufficient to demonstrate prejudice.  *Sanders*, 875 F.2d at 210 (observing that a defendant generally must produce an "affidavit or testimony" from the potential witness to demonstrate that the witness would have provided exculpatory evidence).  A defendant who offers only "speculation that [the witness] *might* have testified that [the defendant] was innocent" has not satisfied the burden of demonstrating prejudice under the *Strickland* standard.  *Id.*  As such, Mayweather has not established prejudice.

Because Mayweather has not demonstrated that defense counsel provided ineffective assistance by failing to adequately investigate the informant, this aspect of Mayweather's Section 2255 motion is denied.

### B.    Advice to Testify

Mayweather next argues that defense counsel provided ineffective assistance by advising Mayweather to testify knowing that Mayweather's testimony would establish the elements of aiding and abetting possession with the intent to distribute cocaine.

There is no evidence in the record establishing that defense counsel advised Mayweather to testify, and Mayweather has not provided any detail about the substance of the advice defense counsel provided with respect to Mayweather's decision to testify. Before Mayweather testified, defense counsel and the Court engaged in a colloquy with

Mayweather about his decision to testify. During that colloquy, Mayweather acknowledged that he had the right to decide *not* to testify and that by testifying he would be giving up his right not to incriminate himself. Mayweather also acknowledged that his decision to testify was voluntary and that no one had forced or coerced him to do so. Mayweather unequivocally told the Court that his decision to testify was "[s]olely my idea." Mayweather's contention that defense counsel provided objectively unreasonable advice about the decision to testify is both unsupported by evidence in the record and contradicted by the record. Moreover, even assuming that defense counsel advised Mayweather to testify, advising a defendant to testify is not inherently unreasonable advice and typically reflects a strategic choice that is entitled to deference. *See, e.g.*, *Drake v. Wyrick*, 640 F.2d 912, 915 (8th Cir. 1981) (observing that "the decision as to whether [a criminal defendant] should have testified at his trial [is] clearly a matter of trial strategy, and the resolution of that decision is not a ground for a finding of ineffective assistance"). In summary, Mayweather has not established that defense counsel provided objectively unreasonable representation as to this issue.

Even if Mayweather could establish that defense counsel unreasonably advised Mayweather to testify, Mayweather also must demonstrate that he suffered prejudice. To do so, he must show that he would not have been convicted if he had chosen not to testify. But the United States presented substantial evidence of Mayweather's guilt in its case-in-chief, including a large amount of cocaine concealed on Mayweather's property, Mayweather's DNA on the backpack containing a large amount of cocaine,

Mayweather's flight from law enforcement officers during the execution of a search warrant, packaged cocaine that law enforcement officers discovered in Mayweather's vehicle, and evidence of drug trafficking that law enforcement officers discovered in Mayweather's residence.  In light of the substantial evidence of Mayweather's guilt presented by the United States, Mayweather has not established a likelihood that he was prejudiced by his decision to testify.

Because Mayweather has not demonstrated that defense counsel provided ineffective assistance with respect to Mayweather's decision to testify, this aspect of Mayweather's Section 2255 motion is denied.

### C.    Investigation of Tracking Device Application

Mayweather next argues that defense counsel provided ineffective assistance by failing to adequately investigate and use a tracking device application in support of Mayweather's trial defense.

Before trial, the United States learned about a tracking device application and order that law enforcement officers used to track Mayweather's vehicle.  The United States disclosed this evidence to Mayweather approximately four months before trial. Neither the United States nor Mayweather used or referenced this evidence during trial. Mayweather now argues that defense counsel should have used this evidence in support of Mayweather's defense—namely, to impeach the trial testimony of Deputy Cory McLouden and to seek a *Franks* hearing to challenge the veracity of the affidavits law enforcement officers relied on to obtain the warrants used to search Mayweather's

residence and vehicle.  But Mayweather has not identified any information in the tracking device application that would materially undermine the veracity of either Deputy McLouden's trial testimony or the search warrant affidavit.

Mayweather primarily suggests that the tracking device application contradicts Deputy McLouden's testimony about the approximate date on which law enforcement began investigating Mayweather.  The United States denies that any such inconsistency exists.  But even assuming this inconsistency exists, the date on which law enforcement began investigating Mayweather is in no way material to Mayweather's guilt or innocence.[1]

In addition, the several relatively minor purported inconsistencies that Mayweather identifies have no apparent materiality as to whether law enforcement had probable cause to search Mayweather's residence and vehicle for evidence of drug offenses.  Consequently, a more thorough investigation of this evidence by defense counsel would not have entitled Mayweather to a *Franks* hearing or resulted in the suppression of evidence obtained during the search of Mayweather's residence and vehicle.  *See United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008) (observing that a *Franks* hearing is required if a defendant makes a "substantial preliminary showing" that

---

[1]     Mayweather also suggests that the search warrant affidavits contradict Deputy McLouden's testimony about the vehicle in which Mayweather departed from a March 2016 controlled drug transaction.  It is unclear how this argument pertains to the tracking device application, which predated the March 2016 controlled drug transaction.  And Mayweather has not demonstrated how this alleged contradiction is material to his guilt or innocence.  Indeed, as this Court observed in its August 12, 2019 Order, the facts underlying the March 2016 controlled drug transaction were not essential to any element of Mayweather's offense.

the search warrant affidavit includes deliberately or recklessly false information *and* the false information was material to establishing probable cause).

Moreover, it is unlikely that impeaching Deputy McLouden's overall credibility with evidence of minor inconsistencies would have changed the outcome of Mayweather's trial because most of the substantial evidence supporting Mayweather's guilt was unrelated to Deputy McLouden's testimony. For all of these reasons, Mayweather has not demonstrated that defense counsel's investigation of this evidence was objectively unreasonable *or* caused prejudice to Mayweather's trial defense.

Because Mayweather has not demonstrated that defense counsel provided ineffective assistance by failing to adequately investigate and use the tracking device application in support of Mayweather's defense, this aspect of Mayweather's Section 2255 motion is denied.

## II.    Evidentiary Hearing

A district court may hold an evidentiary hearing on a Section 2255 motion to resolve disputed material facts. *See* 28 U.S.C. § 2255(b). But an evidentiary hearing is not required if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003). Here, for the reasons addressed above, Mayweather's allegations are contradicted by the record, inherently

incredible, or would not entitle Mayweather to relief even if accepted as true. An evidentiary hearing, therefore, is not warranted.

## III.    Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons addressed above, the Court concludes that Mayweather has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.    Defendant Jarmell Raymond Mayweather's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 211), is **DENIED**.

2.    No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 28, 2022                                      s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge